**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

In Re: Ellingsworth Residential
Community Association, Inc.

ALICE GUAN,

        Appellant,

v.                                            Case No.: 6:22-cv-699-WWB

ELLINGSWORTH RESIDENTIAL
COMMUNITY ASSOCIATION, INC.,

        Appellee.
_____/

## ORDER ON APPEAL

THIS CAUSE is before the Court on appeal from the United States Bankruptcy Court for the Middle District of Florida's Order on Cross-Motion for Summary Judgment ("**Summary Judgment Order**," Doc. 3-2). Appellant filed her Final Initial Brief (Doc. 15) on July 11, 2022, (*see* Doc. 22), to which Appellee filed an Answer Brief (Doc. 17), and Appellant filed a Reply (Doc. 20). For the reasons set forth herein, this case will be dismissed for lack of jurisdiction.

Appellee, Ellingsworth Residential Community Association, Inc., operates a homeowner's association consisting of approximately eighty homes in three subdivisions. (Doc. 6-14 at 2). Appellant, Alice Guan, owns a home within one of the subdivisions and is a member of the homeowner's association. (*Id.* at 2). In 2016, the developer of the subdivisions, Meritage Homes, filed a lawsuit against Appellant in state court related to landscaping alterations she made to her property, to which Appellant made a counterclaim. (*Id.*). Appellant successfully defended Appellee's lawsuit and the state

court determined that she was entitled to recover her reasonable attorney's fees and costs in an amount to be determined. (*Id.*). On March 3, 2020, before the state court set the amount of fees or addressed Appellant's counterclaims, Appellee filed a voluntary bankruptcy petition under Chapter 11, Subchapter V of the Bankruptcy Code. (*Id.*).

The procedural history of the bankruptcy proceeding, and the appeals therefrom, is extensive to say the least. Appellant has filed nineteen appeals in this Court, with most being further appealed to the Eleventh Circuit and United States Supreme Court. As relevant to this appeal, on October 16, 2020, the Bankruptcy Court confirmed Appellee's Plan of Reorganization over Appellant's objections ("**Confirmation Order**"). (*See* Doc. 6-13). Thereafter, Appellant appealed the Confirmation Order to this Court. (Doc. 6-19 at 1–2). The appeal was assigned Case No. 6:20-cv-1938-WWB (the "**1938 Appeal**"). On August 19, 2021, this Court affirmed the Confirmation Order. *Guan v. Ellingsworth Residential Cmty. Ass'n* (*In re Ellingsworth Cmty. Ass'n*), No. 6:20-cv-1938-WWB, Docket 40, at *4–5 (M.D. Fla. Aug. 19, 2021). Appellant appealed the Court's order in the 1938 Appeal to the Eleventh Circuit where the appeal remains pending. *See Guan v. Ellingsworth Residential Cmty. Ass'n* (*In re Ellingsworth Cmty. Ass'n*), No. 21-12969 (11th Cir.).

In addition to filing the 1938 Appeal, Appellant also filed an adversary proceeding seeking to revoke the Confirmation Order pursuant to 11 U.S.C. § 1144. (Doc. 3-2 at 2). The parties filed cross-motions for summary judgment. (*Id.*). The Bankruptcy Court found that it lacked jurisdiction to consider the merits of the § 1144 claim during the pendency of the 1938 Appeal, which directly involved the Confirmation Order that Appellant sought to revoke, and found that abating the case until the appeal had resolved was the

appropriate remedy. (*Id.* at 3–4). Accordingly, the Bankruptcy Court granted Appellee's motion to the extent it sought abeyance of the proceeding and denied it without prejudice in all other respects. (*Id.* at 4–5). The Bankruptcy Court denied Appellant's motion with prejudice. (*Id.* at 5). Appellant appealed.

"The district courts of the United States shall have jurisdiction to hear appeals . . . from final judgments, orders, and decrees . . . of bankruptcy judges." 28 U.S.C. § 158(a)(1). "[T]o be final, a bankruptcy court order must completely resolve all of the issues pertaining to a discrete claim, including issues as to the proper relief." *Barben v. Donovan* (*In re Donovan*), 532 F.3d 1134, 1136–37 (11th Cir. 2008) (quotation omitted). "[A]ppeals from nonfinal bankruptcy court orders may be taken only 'with leave' of the district court." *Musselman v. Stanonik* (*In re Seminole Walls & Ceilings Corp.*), 388 B.R. 386, 390 (M.D. Fla. 2008) (quoting 28 U.S.C. § 158(a)(3)).

There is no question that the Summary Judgment Order, which does not substantively resolve the merits of the underlying case—or even any discrete issue therein—and merely abated the proceeding pending the outcome of the 1938 Appeal is not a final order within the meaning of § 158(a). *See Slobodinsky v. Salkin* (*In re Saber*), 264 F.3d 1317, 1324 (11th Cir. 2001) ("A final judgment gives one party what they want—the plaintiff either receives the relief she sought or the defendant receives a judgment ending the controversy. . . . An adversary proceeding is not 'concluded' for jurisdictional purposes simply because it is closed." (quotation omitted)); *Stok Folk Kon, P.A. v. Carmel*, No. 20-81989-CV, 2022 WL 2292971, at *7 (S.D. Fla. Mar. 15, 2022); *Dodsworth v. Mona Lisa at Celebration, LLC* (*In re Mona Lisa at Celebration, LLC*), No. 6:10-cv-1352-Orl,

2010 WL 11626869, at *1–2 (M.D. Fla. Sept. 27, 2010).  Appellant's arguments to the contrary are without merit.

To the extent Appellant asks this Court, in the alternative for leave to appeal a non-final order, such leave will be denied.  "The decision to grant or deny leave to appeal a bankruptcy court's interlocutory order is committed to the district court's discretion." *Stumpf v. McGee* (*In re O'Connor*), 258 F.3d 392, 399–400 (5th Cir. 2001).  In exercising that discretion, "a district court will look to the standards which govern interlocutory appeals from the district court to the court of appeals pursuant to 28 U.S.C. § 1292(b)." *Celotex Corp. v. AIU Ins. Co.* (*In re Celotex Corp.*), 187 B.R. 746, 749 (M.D. Fla. 1995).  "Under these standards, a court will permit an interlocutory appeal of an order if (1) the order presents a controlling question of law (2) over which there is substantial ground for difference of opinion among courts, and (3) the immediate resolution of the issue would materially advance the ultimate termination of the litigation."  *Id.*  The party seeking interlocutory review "bears the burden of persuading the court that exceptional circumstances justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment."  *Flying Cow Ranch HC, LLC v. McCarthy*, No. 19-cv-80230, 2019 WL 1258780, at *3 (S.D. Fla. Mar. 19, 2019) (quotation omitted).

As an initial matter, Appellant has failed to comply with Federal Rule of Bankruptcy Procedure 8004, which requires the party seeking leave to appeal from an interlocutory order to file a motion seeking such relief and setting forth "the facts necessary to understand the question presented"; "the question itself"; "the relief sought"; "the reasons why leave to appeal should be granted"; and "a copy of the interlocutory order or decree and any related opinion or memorandum."  Fed. R. Bankr. P. 8004(a)(2), (b).  Appellant's

4

Notice of Appeal was neither accompanied by a motion for leave to appeal an interlocutory order nor did it contain all the information set forth in the Rule. (*See* Doc. 1). To the extent Appellant argues that she was not required to file a motion because there is a motion to extend the deadline pending with the Bankruptcy Court, Appellant has cited no legal authority for the proposition that the filing of a motion for extension of time tolls the time to comply with the requirements of Rule 8004 or otherwise excuses compliance. *See Setai Hotel Acquisition, LLC v. Mia. Beach Luxury Rentals, Inc.*, No. 16-21296-Civ, 2016 WL 8677230, at *2 n.1 (S.D. Fla. Oct. 14, 2016) ("Deadlines are extended by orders of the Court. If a motion is pending and has not been granted, it is incumbent upon the party to comply with the deadline even if a motion for extension of that deadline is awaiting a ruling."). Insofar as Appellant attempts to cure this deficiency in her Reply Brief, she has not identified any controlling question of law presented by the holding in the Summary Judgment Order, any substantial difference of opinion on the issue, or why immediate resolution of such issue is necessary.

Furthermore, the Court, having reviewed the Summary Judgment Order and the parties' briefing and being familiar with the entire history of this bankruptcy proceeding, is not persuaded that exceptional circumstances justify an interlocutory appeal in this case. Therefore, Appellant has not met her burden in showing that interlocutory appeal of an order staying her adversary proceeding pending the resolution of her appeals is warranted in this case and the Court declines to address the merits of this appeal.

Accordingly, it is **ORDERED** and **ADJUDGED** that this appeal is **DISMISSED** for lack of jurisdiction. The Clerk is directed to terminate all pending motions and close this case.

**DONE AND ORDERED** in Orlando, Florida on September 15, 2023.

WENDY W. BERGER
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party